UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT NICHOLS, et al., | ) | CASE NO. 5:14-cv-613 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| VILLAGE OF MINERVA, OHIO, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Presently before the Court is defendants' motion for judgment on the pleadings (Doc. No. 12) and plaintiffs' motion for leave to file to file a second amended complaint (Doc. No. 17). Defendants have opposed plaintiffs' motion for leave to file a second amended complaint (Doc. No. 18.) For the reasons that follow, plaintiffs' motion for leave to file a second amended complaint is GRANTED.

## I. BACKGROUND

Plaintiffs Robert Nichols and Rachel Byfus Nichols filed an amended complaint with leave of Court (Doc. No. 9 (Amended Complaint ["Am. Compl."])), alleging that defendants Village of Minerva, and John Doe Police Officers of the Village of Minerva Police Department, violated their constitutional rights against unreasonable search and seizure under the Fourth and Fourteenth Amendments of the Constitution of the United States, and deprived the plaintiffs of their civil rights, when: (1) John Doe Police Officer arrested and/or charged plaintiffs' sons/step-sons with criminal and/or juvenile offenses when other individuals engaging in the same conduct were not charged

(Am. Compl., ¶¶ 7-9 at 72[1]); (2) John Doe Police Officer came onto plaintiffs' residential property with his weapon drawn and threatened to shoot plaintiffs' dog (Am. Compl., ¶ 10 at 72); and (3) the Stark County Dog Warden, acting on behalf of the Minerva Police Department, ticketed and charged plaintiff Rachel Byfus Nichols, at Robert Nichols' place of business, with 13 counts of failure to control/confine dogs, failure to register her dogs, and failure to vaccinate, when all of the license/vaccination documentation was located at plaintiffs' residence (Am. Compl., ¶¶ 11-12 at 72-73).

Defendants answered the amended complaint (Doc. No. 11) and moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Doc. No. 12 (Motion for Judgment on the Pleadings ["Defendants' Motion"]) and Doc. No. 13 (Brief in Support ["Brief"]).) Defendants argue that their motion should be granted because: (1) plaintiffs lack standing to bring claims for alleged unconstitutional conduct against their sons/step-sons; (2) plaintiffs allege that Rachel Byfus Nichols was ticketed and charged by the Stark County Dog Warden, but the Stark County Dog Warden is not named as a defendant; (3) even if Rachel Byfus Nichols was ticketed and charged by defendants, her constitutional claim is barred because she pled "no contest" to one count of failure to control/confine a dog (the 12 remaining counts were dismissed); and (4) plaintiffs' claim that John Doe Police Officer drew his gun on plaintiffs' property and threatened to shoot their dog is not a constitutional violation because there was no meaningful interference with plaintiffs' property interest in the dog, and a "mere show of force" is not actionable under the Fourth Amendment. (Defendants' Motion at 108-109 and Memorandum at 126-131.)

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

Plaintiffs did not oppose defendants' motion or timely seek leave to file a second amended complaint to correct the deficiencies alleged by the defendants. Instead, weeks after a response to the motion to dismiss was due, plaintiffs moved for leave to file a second amended complaint. (Doc. No. 17 (Plaintiffs' Motion for Leave to File a Second Amended Complaint ["Plaintiffs' Motion"]).) Plaintiffs' proposed second amended complaint is attached to plaintiffs' motion. (Doc. No. 17-1 (Second Amended Complaint ["Sec. Am. Compl."]).) The second amended complaint adds plaintiffs' son/step-son—G. B.[2]—to the complaint, and adds Stark County, the Stark County Dog Warden, and Village of Minerva Police Officer Farmer, as defendants.

Defendants oppose plaintiffs' motion for leave to amend because: (1) plaintiffs did not oppose defendants' motion for judgment on the pleadings, but untimely sought leave to file a second amended complaint after the deadline passed for opposing defendants' motion; (2) the proposed amendment would not withstand a motion to dismiss and is therefore futile; and (3) plaintiffs are circumventing defendants' motion for judgment on the pleadings. While requesting that the Court grant defendants' motion for judgment, the defendants at the same time "do not object to giving Plaintiffs an opportunity to bring a claim on behalf of [G.B.]" to cure a deficiency in the first amended complaint. (Doc. No. 18 (Defendants' Opposition to Plaintiffs' Motion ["Opp."]) at 156.)

---

[2] The initials of plaintiffs' son/step-son, who is a minor, is used in compliance with Fed. R. CIv. P. 5.2(a).

## II. DISCUSSION

**A.     Standard of Review**

The Court analyzes plaintiffs' motion for leave to file an amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides that leave to amend should be freely given when justice so requires. Leave to amend is appropriately denied under a number of circumstances, including bad faith, undue delay, dilatory motives, undue prejudice to the opposing party, repeated failure to cure deficiencies in prior amendments, and futility. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Courts should freely give leave to amend in the absence of these factors. *Foman*, 371 U.S. at 182.

**B.     Analysis**

While it is true that plaintiffs moved for leave to file a second amended complaint after the time had expired to oppose defendants' motion for judgment, the delay of approximately two weeks does not constitute undue delay and defendants do not claim that they suffer any prejudice because of it.

Defendants contend that the amendment should not be allowed because plaintiffs are circumventing defendants' dispositive motions. But it is not unusual for a party to respond to a Rule 12 motion with an amendment or motion for leave to amend. Although not without limits, curing deficiencies in a pleading by way of amendment conserves the Court's resources and "is an accepted and expeditious way to more quickly reach the merits of a dispute." *In re Bill of Lading Transmission and Processing System*

*Patent v. Drivertech LLC, et al.*, MDL Docket No. 1:09-md-2050, Nos. 2:08-cv-862 (D. Utah), 1:09-cv-532, 09-cv-144 (D. Minn.), 1:09-cv-531, 2010 WL 9459056, at *3 (S. D. Ohio July 15, 2010)  (denying motions for judgment on the pleadings and granting leave to file amended pleadings). While repeated failures to cure the deficiencies of a pleading can be a basis for denying leave to amend, the Court is reluctant to reach that conclusion with respect to plaintiffs' second amended complaint at this stage of the case, although admittedly it is a very close call due to the number of amendments, the apparent deficiencies that remain, and the untimeliness of plaintiffs' motion.

Finally, defendants' opposition contends that some, but not all, of plaintiffs' claims are futile and that the amendment should not be allowed on those claims. While this may be true, the Court finds that the most efficient way to address these and other issues relating to the sufficiency of plaintiffs' allegations is to permit amendment and then allow defendants an opportunity to file a motion to dismiss the second amended complaint if they desire to do so.

### III. CONCLUSION

For the reasons contained herein, and in keeping with the provisions of Rule 15 and exercise of the Court's discretion, plaintiffs' motion for leave to file a second amended complaint (Doc. No. 17) is GRANTED. Defendants' Rule 12(c) motion with respect to plaintiffs' first amended complaint (Doc. No. 12) is DENIED as moot without prejudice.

Defendants' motions to quash service are DENIED as moot. (Doc. Nos. 7 and 16.)

Plaintiffs' proposed second amended complaint is attached to the motion for leave that the Court has granted. The Court notes that the proposed pleading does not comply with the requirements of Fed. R. Civ. P. 5.2(a)(3) regarding the identification of individuals who are minors. The Clerk is directed to seal Doc. No. 17-1.

Plaintiffs are directed to file their second amended complaint, redacted in compliance with Rule 5.2(a)(3), by March 3, 2015. Because a party to this litigation is a minor, all parties should be mindful of the requirements of Rule 5.2 in future filings.

**IT IS SO ORDERED**.

Dated: February 25, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**